UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X  Case No. 15-cv-00825
MELINA CARDONA,

                      Plaintiff,  **AMENDED COMPLAINT**

                 -against-

MG SECURITY SERVICES, LLC, PHILIPS  **PLAINTIFF DEMANDS**
INTERNATIONAL HOLDING CORP. D/B/A PHILIPS  **A TRIAL BY JURY**
INTERNATIONAL, 40 RECTOR OWNER LLC, 40
RECTOR CONDOMINIUM, and LUIS ROSARIO,
*Individually*

                    Defendants.
------------------------------------------------------------------X

    Plaintiff, MELINA CARDONA, by her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et. seq.,* and seeks damages to redress the injuries she has suffered as a result of being sexually harassed and discriminated against on the basis of gender by her employer.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under city law pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) based upon Defendants' principle place of business within the Southern District of New York.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated January 16, 2015, with respect to the herein charges of discrimination against Defendant MG SECURITY SERVICES, LLC. A copy of the Notice is annexed hereto.

7. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8. Plaintiff MELINA CARDONA is a resident of the State of New York and the County of Bronx.

9. Defendant MG SECURITY SERVICES, LLC ("MG SECURITY") is a domestic business corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principle place of business located at 133 West 25th Street, Suite 8W, New York, NY 10001.

10. Defendant PHILIPS INTERNATIONAL HOLDING CORP. D/B/A PHILIPS INTERNATIONAL ("PHILIPS") is a domestic business corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principle place of business located at 295 Madison Avenue, 2nd Floor, New York, NY 10017.

11. Defendant 40 RECTOR OWNER LLC ("40 RECTOR OWNER") is a limited liability company, duly existing pursuant to, and by virtue of, the laws of the State of Delaware, which maintains a place of business located at 40 Rector Street, New York, NY 10006.

12. Defendant 40 RECTOR CONDOMINIUM ("40 RECTOR") is, upon information and belief, a limited liability company and/or condominium association, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principle place of business located at 40 Rector Street, New York, NY 10006.

13. Plaintiff MELINA CARDONA is an employee of Defendant MG SECURITY, which provides security guard services for Defendants, PHILIPS, 40 RECTOR OWNER, and 40 RECTOR, at 40 Rector Street, New York, NY 10006. She holds the position of Security Guard.

14. Defendant LUIS ROSARIO ("ROSARIO") is the Building Superintendent for Defendants, PHILIPS, 40 RECTOR OWNER, and 40 RECTOR.

15. At all times relevant hereto, Defendant ROSARIO possessed supervisory authority over Plaintiff in his capacity as the Building Superintendent at 40 Rector Street, New York, NY 10006 for Defendants, PHILIPS, 40 RECTOR OWNER, and 40 RECTOR.

16. Defendants, MG SECURITY, PHILIPS, 40 RECTOR OWNER, 40 RECTOR, and ROSARIO, are referred to herein collectively as the "Defendants."

## MATERIAL FACTS

17. Plaintiff MELINA CARDONA was hired by Defendant MG SECURITY in or around May, 2013 as a Security Guard, earning $10.00 per hour and a yearly salary of approximately $12,000.00.

18. In or about November, 2013, Defendant MG SECURITY obtained a contract to provide security services for the remaining corporate Defendants' commercial property located at 40 Rector Street, New York, NY 10006.

19. As a result of Plaintiff's commendable work performance, Defendant MG SECURITY has consistently increased Plaintiff's hours. Presently, Plaintiff works 60 hours per week at a

rate of $10.00 per hour, earning a yearly salary of approximately $29,000.

20. However, throughout her employment with the Defendants, she has been continuously subjected to sexual harassment by the Building Superintendent, Defendant ROSARIO.

21. Upon information and belief, Defendant ROSARIO has sexually harassed other employees prior to his sexual harassment of the Plaintiff.

22. Notwithstanding Defendant ROSARIO's history of unlawful conduct, the Defendants have only very recently required their staff to engage in training regarding sexual harassment in the workplace.

23. Beginning in or around November, 2013, Defendant ROSARIO would constantly come to Plaintiff's post at the front desk and call her on the front desk phone, subjecting her to a constant stream of egregious and unwelcome sexual remarks.

24. **The following are some of the comments Defendant ROSARIO has made to the Plaintiff: "Melina, let me see your lips." "I know what you can do with those lips." "What do you like, my girl?" "Let me see a picture of your boyfriend. Let me see a picture of that ugly fuck." "I wanna eat Melina." "I got a room at the Marriot. I wanna treat your right. A lot of flowers in the bed. Get some strawberries and dip 'em in chocolate." "Will you go out with me? Why not? You don't like men?" "That's a nice hand. Will you scratch my back?" "Your breasts are looking big."**

25. **Defendant ROSARIO also boasted to Plaintiff, "I'll give you the best orgasm of your life."**

26. Defendant ROSARIO has also sexually harassed Plaintiff physically in an unwelcome fashion by, for example, caressing Plaintiff's shoulder.

27. Furthermore, Plaintiff overheard Defendant ROSARIO falsely telling Plaintiff's co-workers that Plaintiff had undergone cosmetic surgery to her breasts.

4

28. On April 16, 2014, the building engineer informed Plaintiff that Defendant ROSARIO had asked him if he was "banging Melina."

29. The above are just some of the acts of severe sexual harassment and gender discrimination that Plaintiff has experienced on a regular basis while employed by the Defendants.

30. On April 18, 2014, Plaintiff MELINA CARDONA reported Defendant ROSARIO's sexual harassing behavior to Assistant Property Manager Ilene Rosen and requested that Ms. Rosen address the problem. In response, Ms. Rosen stated that Defendant ROSARIO "has always been that way" but that she would look into it. Plaintiff interpreted Ms. Rosen's comment to mean that Defendants had been aware of Defendant ROSARIO's sexually harassing behavior in the past and had not done anything to stop it.

31. On April 21, 2014, the Plaintiff complained about Defendant's harassment to Defendant MG SECURITY's Fire Safety Director, James Donlon, and requested a meeting with management and Defendant ROSARIO in order to put an end to what had become a hostile work environment. Defendant MG SECURITY's Senior Account Manager, Steve Gleeman, had previously directed Plaintiff to address any issue or concern at the subject job site to James Donlon.

32. On April 23, 2014 Plaintiff briefly met with Ms. Rosen, Mr. Donlon, and Defendant ROSARIO to address Defendant's sexual harassment. Before the meeting began, Mr. Donlon told Plaintiff that he had already informed MG SECURITY's Senior Account Manager, Steve Gleeman, of Defendant ROSARIO's sexual harassment of the Plaintiff.

33. After the meeting, Defendant ROSARIO ceased his harassment of the Plaintiff for approximately two months, but he resumed his abuse of the Plaintiff in July of 2014. In fact, the day after the aforementioned meeting, Mr. Donlon had told the Plaintiff he believed Defendant ROSARIO would never stop his unlawful behavior based upon his

history of sexual harassment.

34. On August 29, 2014, Defendant ROSARIO approached the front desk where the Plaintiff was seated and commenced to brag about his indulgences with prostitutes.

35. Moreover, Defendant ROSARIO frequently stopped by the front desk to remark to Plaintiff and her colleague about the anatomy of other women in the building, pointing them out and making lewd comments.

36. Furthermore, since the meeting of April 23, 2014, Defendant ROSARIO has been consistently hostile towards the Plaintiff. For example, during October, 2014, Plaintiff received telephone calls at her front-desk post from tenants in the subject building, complaining that the building's temperature was too low. When Plaintiff informed Defendant ROSARIO, he angrily directed the Plaintiff to "tell them [tenants] to get a sweater, and stop bothering me."

37. On October 15, 2014, Defendant ROSARIO yelled at Plaintiff on the telephone when she called Defendant ROSARIO to alert him that tenants were waiting for the elevator (which was not in operation at the time).

38. Moreover, whenever the Plaintiff arrives at work early in the morning, Defendant ROSARIO often stands by the elevators, glaring intimidatingly at her.

39. As a result of this hostile work environment, the Plaintiff has ceased performing certain tasks at work in order to avoid Defendant ROSARIO as much as possible.

40. As a result of Defendant ROSARIO's sexual harassment, the Plaintiff has also stopped wearing lipstick and makeup.

41. Rather than performing a thorough investigation and/or punishing Defendant ROSARIO, the Defendants have suggested to Plaintiff that she could transfer to another job site where she would receive a decrease in hours and, therefore, compensation.

42. To date, the Defendants have not disciplined Defendant ROSARIO for his unlawful conduct.

43. Plaintiff has been subjected to such a discriminatory, hostile and abusive work environment that no reasonable person should or could be expected to endure.

44. Defendants created a hostile working environment, which unreasonably interferes with Plaintiff's work environment.

45. Plaintiff has been treated differently by the Building Superintendent, Defendant ROSARIO, solely due to gender (sexual harassment).

46. Plaintiff has been unlawfully discriminated against, humiliated, degraded, and belittled, and, as a result, suffers loss of rights, emotional distress, and physical injury.

47. Defendant ROSARIO's actions and conduct were intentional and intended to harm Plaintiff.

48. As a result of the acts and conduct complained of herein, Plaintiff has suffered emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

49. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of the Court.

50. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendant)

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

52. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., for relief based upon the unlawful employment practices of the Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (sexual harassment).

53. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et. seq., by discriminating against Plaintiff because of her gender (sexual harassment).

### AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55. The New York City Administrative Code §8-107(1) provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

56. Defendants engaged in unlawful discriminatory practices in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her gender (sexual harassment).

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
(As Against Defendant Rosario Only)

57. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this Complaint as if more fully set forth herein at length.

58. The New York City Administrative Code §8-107(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

59. Defendant ROSARIO engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory conduct.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
(Not Against Individual Defendant)

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

61. Pursuant to the New York City Administrative Code §8-107(13), Employer liability for discriminatory conduct by employee, agent or independent contractor:

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

      1. the employee or agent exercised managerial or supervisory responsibility; or

      2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have

9

      knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

    3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

  c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

62. The Defendants violated the section cited herein.

## JURY DEMAND

63. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by <u>Title VII of the Civil Rights Act of 1964</u>, as amended, 42 U.S.C. §2000e *et. seq.*, and the <u>New York City Human Rights Law</u> in that Defendants sexually harassed the Plaintiff and discriminated against Plaintiff on the basis of her gender;

B. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

E. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
      March 12, 2015

By:                PHILLIPS & ASSOCIATES,
                   ATTORNEYS AT LAW, PLLC

               _____
               Joshua P. Frank, Esq.
               *Attorneys for Plaintiff*
               45 Broadway, Suite 620
               New York, New York 10006
               (212) 248-7431
               jfrank@tpglaws.com

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Melina Cardona<br>1560 Townsend Avenue<br>Bronx, NY 10452 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2015-00390 | Jessica A. Erdman,<br>Investigator | (212) 336-3749 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Kevin J. Berry_     01/16/15
Kevin J. Berry,       (Date Mailed)
District Director

Enclosures(s)

cc: **Respondent Attorney**

Clifford Ingber, Esq.
INGBER LAW
6 Stallion Trail
Greenwich, CT 06831

**Charging Party Attorney**

Joshua P. Frank, Esq.
PHILLIPS & ASSOCIATES ATTORNEYS AT LAW
45 Broadway, Suite 620
New York, NY 10006