UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X   Case No. 1:15-cv-00825-GHW-HBP

MELINA CARDONA,

                              *Plaintiff*,   **AMENDED ANSWER**

v.

MG SECURITY SERVICES, LLC, PHILLIPS   Dated: April 20, 2015
INTERNATIONAL HOLDING CORP. D/B/A
PHILLIPS INTERNATIONAL, 40 RECTOR
OWNER LLC, 40 RECTOR CONDOMINIUM,
and LUIS ROSARIO, *Individually*,

                              *Defendant(s)*.

---------------------------------------------------X

    *Defendant*, MG SECURITY SERVICES, LLC, by their attorneys, as and for their Amended Answer and Affirmative Defenses to the Plaintiff's First Amended Complaint (Dkt. # 7) (Filed: 03/13/15) ("*Amended Complaint*") in this action, alleges as follows:

## NATURE OF THE CASE

    1. Defendant admits that Plaintiff purports to bring this above referenced action pursuant to the Civil Rights Act of 1991, Pub. L. No. 102-166 and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), et seq. as alleged in Paragraph 1 of the Amended Complaint, but denies any and all liability.

## JURISDICTION AND VENUE

    2. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2 of the Amended Complaint.

    3. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3 of the Amended Complaint.

4. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 4 of the Amended Complaint, except to admit that Defendant's principal place of business is within the Southern District of New York.

**PROCEDURAL PREREQUISITES**

5. Defendant admits the allegations contained in Paragraph 5 of the Amended Complaint.

6. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6 of the Amended Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Amended Complaint.

**PARTIES**

8. Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 8 of the Amended Complaint.

9. Defendant admits the allegations set forth in Paragraph 9 of the Amended Complaint.

10. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 10 of the Amended Complaint.

11. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11 of the Amended Complaint.

12. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 12 of the Amended Complaint.

13. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 13 of the Amended Complaint, except to admit that

Defendant provides security guard services, and Plaintiff was employed by Defendant as a Security Guard assigned to 40 Rector Street, New York New York 10006.

14. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 14 of the Amended Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Amended Complaint.

16. As Plaintiff alleges neither facts nor legal conclusions to which no response is required, Defendant neither admits nor denies the allegations contained in paragraph 16 of the Amended Complaint.

## **MATERIAL FACTS**

17. Defendant denies the allegations contained in paragraph 17 of the Amended Complaint, except to admit that Plaintiff was employed as a Security Guard.

18. Defendant admits the allegations contained in paragraph 18 of the Amended Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Amended Complaint.

20. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 20 of the Amended Complaint.

21. Defendant denies knowledge and information sufficient to admit or deny the allegations contained in Paragraph 21 of the Amended Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Amended Complaint.

23. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 23 of the Amended Complaint.

24. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 24 of the Amended Complaint.

25. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 25 of the Amended Complaint.

26. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 26 of the Amended Complaint.

27. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 27 of the Amended Complaint.

28. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 28 of the Amended Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Amended Complaint.

30. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 30 of the Amended Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Amended Complaint, except to admit that on or about April 21, 2014, Plaintiff complained to Defendant's Fire Safety Director, James Donlon, requested a meeting, and Defendant's Senior Account Manager, Steve Gleeman previously directed Plaintiff to Mr. Donlon.

32. Defendant admits the allegations contained in Paragraph 32 of the Amended Complaint.

33. Defendant denies knowledge and information sufficient to admit or deny the first allegation and denies the balance of the allegations contained in Paragraph 33 of the Amended Complaint.

34. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 34 of the Amended Complaint.

35. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 35 of the Amended Complaint.

36. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 36 of the Amended Complaint.

37. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 37 of the Amended Complaint.

38. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 38 of the Amended Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Amended Complaint.

40. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 40 of the Amended Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Amended Complaint.

42. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Amended Complaint.

45. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 45 of the Amended Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Amended Complaint.

47. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Amended Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Amended Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Amended Complaint.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendant)

51. Defendant re-alleges and re-asserts each and every allegation made in the above paragraphs and incorporates the same herein by reference.

52. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Amended Complaint.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

54. Defendant re-alleges and re-asserts each and every allegation made in the above paragraphs and incorporates the same herein by reference.

55. As Plaintiff alleges legal conclusions to which no response is required, Defendant defers to the Court to the interpretation and construction of the cited statutes and states further that it denies any and all liability under the cited statutes contained in paragraph 55 of the Amended Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Amended Complaint.

**AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION<br>UNDER THE NEW YORK CITY ADMINISTRATIVE CODE<br>(As Against Defendant Rosario Only)**

57. Defendant re-alleges and re-asserts each and every allegation made in the above paragraphs and incorporates the same herein by reference.

58. As Plaintiff alleges legal conclusions to which no response is required, Defendant defers to the Court to the interpretation and construction of the cited statutes and states further this Count is not directed to this Defendant, but it denies any and all liability under the cited statutes contained in paragraph 58 of the Amended Complaint.

59. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 59 of the Amended Complaint.

**AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION<br>UNDER THE NEW YORK CITY ADMINISTRATIVE CODE<br>(Not Against Individual Defendant)**

60. Defendant re-alleges and re-asserts each and every allegation made in the above paragraphs and incorporates the same herein by reference.

61. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph 61 of the Amended Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Amended Complaint.

## JURY DEMAND

63. As Plaintiff alleges no facts, no response is required to Paragraph 63 of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

64. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

65. The allegations upon which Plaintiff relies and the alleged conduct is caused by Plaintiff's culpable conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

66. Plaintiff has failed to mitigate her damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

67. Defendant at all times material hereto has been in good faith, full and complete compliance with federal and state laws and all decisions related to Plaintiff's employment or motive by reasonable and legitimate business reasons.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

68. Plaintiff cannot establish that Defendant's actions regarding the terms and conditions of her employment were a pretext for discrimination or retaliation based upon any protected characteristic.

## AS AN FOR A SIXTH AFFIRMATIVE DEFENSE

69. Plaintiff's claims are barred, in whole or in part, because Defendant has established and complied with its policies, programs and procedures for the prevention and detection of unlawful discriminatory practices, and the employees charged in the Amended

Complaint with engaging in such prohibited behavior have no record of prior incidents of discriminatory conduct.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

70. Plaintiff's claims are barred, in whole or in part, to the extent that Defendant exercised reasonable care to prevent and promptly correct any discriminatory or harassing behavior by having established anti-discrimination and harassment policies that contain procedures for complaining about, investigating and preventing unlawful discrimination and harassment, and to the extent Plaintiff failed to take action, pursuant to those policies and procedures or otherwise, to be free from alleged unlawful discrimination or harassment or otherwise avoid harm.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

71. Plaintiff may not recover punitive or liquidated damages because at the time of the alleged acts or omissions giving rise to her alleged claim for punitive or liquidated damages, Defendant had implemented in good faith one or more policies prohibiting the alleged acts or omissions and otherwise had made good faith efforts to comply with applicable law.

**AS AND FOR A NINETH AFFIRMATIVE DEFENSE**

72. The damages recoverable by Plaintiff, if any, are limited by the applicable statutes under which she seeks relief.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

73. All or any part of Plaintiff's claim may be barred by the doctrine of waiver and/or estoppel.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

74. Plaintiff's alleged claim, in whole or part, because certain discrete acts that Plaintiff alleges may be barred by the applicable Statute of Limitations.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

75. That if the Plaintiff sustained injuries as alleged, which injuries are denied, such injuries were caused by the intervening, interceding and superseding acts of third parties not under the control of and not foreseeable to this Defendant.

WHEREFORE, *Defendant* MG SECURITY SERVICES, LLC prays that this Court enter an Order dismissing the Amended Complaint with prejudice, awarding its reasonable attorneys' fees and disbursement of costs for defending this meritless claim, and such other and further relief as this Court deems appropriate.

| | |
|---|---|
| **DATED:** April 20, 2015 | Respectfully Submitted, |
| **INGBER LAW FIRM, PLLC**<br>Clifford J. Ingber, Esq.<br>50 Main Street, Suite 1000<br>White Plains, New York 10606<br>**<br>6 Stallion Trail<br>Greenwich, Connecticut 06831<br>(203) 629-6170/Fax: (203) 629-3954<br>Cjingber@ingberlaw.com | **WEISS & WEISS LLC**<br><br>By:   /s/ Scott A. Weiss<br>*Counsel of Record for*:<br>**MG Security Services, LLC**<br>50 Main Street, Suite 1000<br>White Plains, New York 10606<br>**<br>2000 Post Road, Suite LL 106<br>Fairfield, CT 06824<br>(866) 277-2707/Fax: (203) 254-2725<br>Scott@weissnweiss.com<br>*Of Counsel to Ingber Law Firm, PLLC* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X   Case No. 1:15-cv-00825-GHW-HBP
MELINA CARDONA,

                        *Plaintiff*,   **CERTIFICATE OF SERVICE:**
                                                                      **AMENDED ANSWER**

                          v.

MG SECURITY SERVICES, LLC, PHILLIPS         Dated: April 20, 2015
INTERNATIONAL HOLDING CORP. D/B/A
PHILLIPS INTERNATIONAL, 40 RECTOR
OWNER LLC, 40 RECTOR CONDOMINIUM,
and LUIS ROSARIO, *Individually*,

                       *Defendant(s).*
-------------------------------------------------------X

      I, Scott A. Weiss, Esq., an attorney, certifies and affirms, under penalty of perjury, 28 U.S.C. §1746 (2014) that I caused to have this within ***Amended Answer to First Amended Complaint and Affirmative Defenses Submitted by Defendant MG SECURITY SERVICES, LLC,*** to be served on the following by first class mail, postage prepaid on April 20, 2015:

| | |
|---|---|
| Plaintiff: | Joshua P. Frank, Esq.<br>Dorina Cela, Esq.<br>Attorney for Plaintiff<br>45 Broadway, Suite 620<br>New York, New York 10006 |
| Philips International<br>Holding Corp. d/b/a Philips<br>International, 40 Rector<br>Owner LLC, and 40 Rector<br>Condominium | Stefanie Munsky, Esq.<br>Clifton Budd & DeMaria, LLP<br>The Empire State Building<br>350 Fifth Avenue, 61st Fl.<br>New York, New York 10118 |

| | |
|---|---|
| **DATED:** April 20, 2015 | Respectfully Submitted, |
| **INGBER LAW FIRM, PLLC**<br>Clifford J. Ingber, Esq.<br>50 Main Street, Suite 1000<br>White Plains, New York 10606<br>\*\*<br>6 Stallion Trail<br>Greenwich, Connecticut 06831<br>(203) 629-6170/Fax: (203) 629-3954<br>Cjingber@ingberlaw.com | **WEISS & WEISS LLC**<br><br>By:  /s/ Scott A. Weiss<br>*Counsel of Record for*:<br>**MG Security Services, LLC**<br>50 Main Street, Suite 1000<br>White Plains, New York 10606<br>\*\*<br>2000 Post Road, Suite LL 106<br>Fairfield, CT 06824<br>(866) 277-2707/Fax: (203) 254-2725<br>Scott@weissnweiss.com<br>*Of Counsel to Ingber Law Firm, PLLC* |